FILED
U.S. District Court
District of Kansas
08/31/2026
Clerk, U.S. District Court
By: NAC Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

ANGELIINA L. LAWSON,
Plaintiff,

Case No. 2:26-cv-2513

v.

KANSAS JUDICIAL BRANCH / OFFICE OF JUDICIAL ADMINISTRATION;
ERIC S. ROSEN, in his official administrative capacity as Chief Justice of the Kansas Supreme Court;
JAY D. BEFORT, in his official capacity as assigned district judge implementing consolidation;
THIRD JUDICIAL DISTRICT / SHAWNEE COUNTY DISTRICT COURT CLERK, in official capacity; and
LEA WELCH, in her official capacity as Court Administrator / ADA Coordinator for the Third Judicial District,
Defendants.

# VERIFIED COMPLAINT FOR DECLARATORY AND PROSPECTIVE INJUNCTIVE RELIEF UNDER ADA TITLE II, 42 U.S.C. § 12203, AND 42 U.S.C. § 1983

Plaintiff Angeliina L. Lawson, proceeding pro se, brings this action to obtain disability-access safeguards for the ongoing administration of four consolidated Kansas Open Records Act enforcement cases. Plaintiff does not ask this Court to vacate, reverse, or review the merits of the Kansas Supreme Court's August 21, 2026 consolidation order. She challenges the present method of implementing that order after Defendants had actual notice of specific disability-related communication and case-management needs.

The challenged implementation routes four separate cases through one control docket and sets a September 22, 2026 hearing on "all pending motions," while Plaintiff alleges there is no case-specific motion index, no written ADA determination, unreliable visibility of some pro se filings, and no written protocol preserving separate case identity and reviewability. Plaintiff seeks only

forward-looking relief designed to permit the state proceedings to continue with effective communication and a reviewable record.

## I. JURISDICTION AND VENUE

1. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because the action arises under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, the ADA anti-retaliation and anti-interference provision, 42 U.S.C. § 12203, and 42 U.S.C. § 1983.

2. This Court also has jurisdiction under 28 U.S.C. § 1343 over the federal civil-rights claims and authority to grant declaratory relief under 28 U.S.C. §§ 2201-2202.

3. Prospective relief against responsible state officials for an ongoing violation of federal law is sought under Ex parte Young, 209 U.S. 123 (1908). See Guttman v. Khalsa, 669 F.3d 1101, 1127-28 (10th Cir. 2012) (recognizing prospective Title II relief against state officials notwithstanding immunity).

4. Venue is proper in the District of Kansas under 28 U.S.C. § 1391(b) because the challenged judicial administration and the state proceedings are in Kansas, including Shawnee County and Topeka.

## II. PARTIES

5. Plaintiff Angeliina L. Lawson is a qualified individual with a disability who participates as a pro se litigant in the affected state-court proceedings. Her disability substantially limits communication, processing speed, reading comprehension, executive functioning, and real-time verbal participation.

6. Defendant Kansas Judicial Branch / Office of Judicial Administration ("OJA") is alleged to be the state public entity responsible for statewide judicial administration and Title II access to Kansas court services.

7. Defendant Eric S. Rosen is sued only in his official administrative capacity for prospective relief concerning the statewide administrative framework used to implement the consolidation.

8. Defendant Jay D. Befort is sued only in his official capacity for prospective relief concerning the present case-management and hearing procedures used in the consolidated matters.

9. Defendant Third Judicial District / Shawnee County District Court Clerk is sued only in official capacity for prospective relief concerning filing, docket visibility, preservation, and case-record administration.

10. Defendant Lea Welch is sued only in official capacity for prospective relief concerning the processing and written resolution of Plaintiff's Title II accommodation request and grievance.

## III. FACTUAL ALLEGATIONS

11. Plaintiff filed four separate KORA enforcement actions involving separate requests, custodians, agency burdens, dockets, litigation holds, jury demands or jury-preservation issues, and damages or delay ledgers.

12. On May 14, 2026, before consolidation was implemented, Plaintiff submitted a formal ADA Title II accommodation request in SN-2026-CV-000344.

13. The requested modifications included written communication, separate case-specific email threads, advance written notice of hearings and deadlines, clear case management, written ADA responses, remote access, preservation of written records, and neutral ADA review if the assigned coordinator became conflicted.

14. On May 15, 2026, Plaintiff filed an ADA Title II grievance asserting that adverse procedural action had occurred before a written accommodation determination. Defendant Welch acknowledged receipt and stated that she had not yet had an opportunity to respond to the ADA requests.

15. On June 1, 2026, Plaintiff filed a declaration describing the existing procedure as a disability-related access barrier because she was required to spend limited processing capacity auditing dockets, tracking service and deadlines, locating missing rulings, and correcting procedural ambiguity before reaching the merits.

16. On August 21, 2026, the Kansas Supreme Court entered an order consolidating the four state matters. Plaintiff does not ask this Court to invalidate that order.

17. After that order, implementation moved the four matters into a single control docket, SN-2026-CV-000344.

18. On August 28, 2026, Judge Befort entered an order directing implementation of consolidation through SN-2026-CV-000344 under the Kansas Supreme Court order and Third Judicial District Rule 3.205.

19. Plaintiff alleges the August 28 implementation order does not supply a written ADA determination, a consolidated motion index, or a case-specific protocol for preserving each underlying KORA matter's filings, burdens, evidence, and appealable rulings.

20. A September 22, 2026 hearing is set on "all pending motions." Plaintiff alleges that approximately fifty motion filings may be implicated across several months of proceedings, but no written index identifies each motion by originating case, docket entry, date, title, party, and requested relief.

21. Plaintiff alleges some protective filings transmitted by fax have not appeared promptly and visibly on the affected dockets, requiring repeated corrective filings and making it difficult to know whether the state record is complete.

22. Plaintiff alleges the consolidation implementation has also created uncertainty about preservation of the separate evidentiary track in the Crossland matter, including in-camera custody and associated record-preservation issues.

23. The alleged barriers are ongoing. Plaintiff does not seek adjudication of the merits of KORA, reversal of any state judgment, or damages for a past judicial ruling. She seeks a prospective communication and record-management protocol so she can participate meaningfully in the continuing state proceedings.

## IV. FEDERAL LEGAL FRAMEWORK

24. Title II provides that no qualified individual with a disability shall, by reason of disability, be excluded from participation in, denied the benefits of, or subjected to discrimination by a public entity. 42 U.S.C. § 12132. State-court services fall within Title II's protection of access to courts. Tennessee v. Lane, 541 U.S. 509, 531-34 (2004).

25. Public entities must make reasonable modifications when necessary to avoid disability discrimination, 28 C.F.R. § 35.130(b)(7), and must take appropriate steps to ensure communication with disabled participants is as effective as communication with others, 28 C.F.R. § 35.160.

26. Title II also prohibits methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination or substantially impairing the accomplishment of program objectives with respect to persons with disabilities. 28 C.F.R. § 35.130(b)(3).

27. The ADA prohibits retaliation and interference with the exercise or enjoyment of ADA rights. 42 U.S.C. § 12203; 28 C.F.R. § 35.134.

28. Procedural due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner. Mathews v. Eldridge, 424 U.S. 319, 333 (1976).

29. Plaintiff acknowledges that a federal district court may not sit as an appellate tribunal over a state-court judgment. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). The relief requested below is directed to ongoing disability-access procedures and is not a request to reverse the state consolidation order.

## V. CLAIMS FOR RELIEF

### COUNT I - ADA TITLE II: DENIAL OF MEANINGFUL ACCESS AND REASONABLE MODIFICATION

30. Plaintiff incorporates paragraphs 1 through 29.

31. Plaintiff is a qualified individual with a disability, and OJA / the Kansas Judicial Branch is a public entity operating the judicial services at issue.

32. Defendants had actual notice before implementation of the specific modifications Plaintiff states she needed to participate effectively.

33. Despite that notice, Plaintiff alleges the present implementation uses one control docket and a global "all pending motions" hearing without a case-specific motion index, written ADA determination, or reliable separate tracking sufficient for her disability-related processing and communication needs.

34. Plaintiff alleges reasonable modifications are available that would not alter the merits of the state cases or require reversal of the consolidation order, including a written ADA determination, a motion index, corrected case-specific notice, separate tracking fields, remote participation, and written case-specific rulings.

35. The ongoing failure to provide necessary reasonable modifications denies Plaintiff meaningful access to state judicial services in violation of 42 U.S.C. § 12132.

### COUNT II - ADA TITLE II: INEFFECTIVE COMMUNICATION

36. Plaintiff incorporates paragraphs 1 through 35.

37. Plaintiff requested written and case-specific communication because of disability-related limits affecting real-time processing and verbal participation.

38. Plaintiff alleges a hearing on an undefined universe of "all pending motions," without a written motion index or case-specific agenda, does not provide communication as effective as that available to participants who can readily process oral and electronic case information without the requested modifications.

39. Plaintiff further alleges delayed or non-visible docketing of some pro se filings prevents her from reliably determining the operative record.

40. The alleged ongoing communication barriers violate 42 U.S.C. § 12132 and 28 C.F.R. § 35.160.

**COUNT III - ADA TITLE II: DISCRIMINATORY METHODS OF ADMINISTRATION**

41. Plaintiff incorporates paragraphs 1 through 40.

42. The challenged method of administration is not consolidation itself. It is the manner in which consolidation is being administered after actual ADA notice.

43. Plaintiff alleges the method includes: routing four distinct matters through one control docket; setting one global hearing without a written motion index; failing to provide a written ADA determination; failing to provide transparent separate tracking of underlying case identity and records; and requiring Plaintiff repeatedly to audit and repair the court record.

44. Plaintiff alleges these methods predictably magnify the disability barriers she identified before implementation and substantially impair her ability to participate in the judicial program.

45. The alleged ongoing method of administration violates 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(3).

**COUNT IV - ADA INTERFERENCE AND RETALIATION, PLEADED IN THE ALTERNATIVE**

46. Plaintiff incorporates paragraphs 1 through 45.

47. Plaintiff engaged in protected activity by requesting accommodations, filing an ADA grievance, and continuing to invoke ADA effective-communication protections.

48. Plaintiff alleges that, after those requests were known, the implementation proceeded in a manner that increased the very barriers identified in the requests and materially interfered with her exercise and enjoyment of Title II rights.

49. To the extent the evidence shows that the challenged actions were taken because Plaintiff invoked ADA rights, Plaintiff pleads retaliation in the alternative. At minimum, Plaintiff alleges ongoing interference with the exercise and enjoyment of those rights under 42 U.S.C. § 12203(b).

**COUNT V - 42 U.S.C. § 1983: PROCEDURAL DUE PROCESS (PROSPECTIVE RELIEF AGAINST OFFICIALS)**

50. Plaintiff incorporates paragraphs 1 through 49.

51. This count is asserted only against the individual Defendants in their official capacities for prospective relief from an alleged ongoing violation of federal law.

52. Plaintiff alleges she cannot meaningfully prepare for a hearing on “all pending motions” when the hearing notice does not identify the motions and the consolidated docket does not reliably disclose every filing and case-specific issue to be heard.

53. Plaintiff alleges the lack of a written ADA determination and case-specific written agenda deprives her of meaningful notice tailored to the known disability-related barriers.

54. The alleged ongoing procedure denies notice and a meaningful opportunity to be heard in violation of the Fourteenth Amendment.

**COUNT VI - 42 U.S.C. § 1983: FORWARD-LOOKING DENIAL OF ACCESS TO COURTS**

55. Plaintiff incorporates paragraphs 1 through 54.

56. This count is asserted only against the individual Defendants in their official capacities for prospective relief.

57. The underlying nonfrivolous matters Plaintiff alleges are being impaired are the four KORA enforcement actions and associated requests for in-camera review, agency-burden determinations, evidence preservation, jury-triable issues where applicable, and appealable case-specific rulings.

58. Plaintiff alleges the current administration risks loss of separate filing identity, inability to identify which motion is being decided, inability to preserve a complete record, and inability to prepare disability-accessible responses before the hearing.

59. Plaintiff seeks forward-looking safeguards to prevent that threatened impairment rather than damages for a completed denial of access.

**VI. REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment limited to prospective federal-law relief, including:

- a declaration that Defendants must administer the consolidated proceedings in a manner that provides Plaintiff meaningful access and effective communication under Title II;
- a declaration that the August 21, 2026 consolidation order itself is not being reviewed or vacated in this action;

- an order requiring a prompt written determination of Plaintiff's pending accommodation requests, including reasons for any denial or modification;
- an order requiring, sufficiently in advance of any hearing on multiple pending motions, a written index identifying each motion by originating case number, current docket number, filing date, title, moving party, and relief requested;
- an order requiring hearing notices to identify each underlying case and the matters to be heard, and to preserve the original and corrected notice history;
- an order requiring a practical case-tracking method that preserves the separate identity of each KORA request, custodian, burden, evidentiary record, litigation hold, jury issue, and case-specific ruling even though the cases remain consolidated;
- an order requiring a reliable pro se filing protocol, including prompt docket visibility or written acknowledgment of faxed or otherwise permitted filings and a method for correcting docket errors;
- an order requiring remote participation, written submissions, written rulings, and other communication modifications to the extent found reasonable and necessary under Title II;
- narrow interim relief, if necessary, preventing Defendants from requiring Plaintiff to litigate an unidentified set of pending motions before the written ADA determination, motion index, and corrected case-specific notice are provided;
- preservation of docket audit logs, fax logs, e-filing records, notice-correction history, and Crossland evidence-custody records to the extent those records bear on the prospective access dispute; and

- any further prospective declaratory or injunctive relief the Court finds lawful and necessary to remedy an ongoing federal violation without reviewing the merits of any state-court judgment.

## VII. VERIFICATION

I, Angeliina L. Lawson, declare under penalty of perjury under 28 U.S.C. § 1746 that I am the Plaintiff in this action; that I have read this Verified Complaint; and that the factual allegations are true and correct to the best of my knowledge, information, and belief based on my personal knowledge, filed records, received communications, docket records, court orders, and the exhibits identified in the accompanying exhibit index.

Executed on August 28, 2026.

Respectfully submitted,

/s/ Angeliina L. Lawson

ANGELIINA L. LAWSON, Pro Se

1914 5th Avenue, Leavenworth, Kansas 66048

Telephone: (913) 972-1661

Email: AngeliinaCourtRecords@gmail.com