FILED
U.S. District Court
District of Kansas
08/31/2026
Clerk, U.S. District Court
By: NAC Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA L. LAWSON,
Plaintiff,

Case No. 2:26-cv-2513

v.

KANSAS JUDICIAL BRANCH / OFFICE OF JUDICIAL ADMINISTRATION, et al.,
Defendants.

PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff moves under Fed. R. Civ. P. 65 and D. Kan. Rule 65.1 for narrow interim relief directed only to disability-access safeguards for the September 22, 2026 consolidated hearing. Plaintiff does not seek to vacate the Kansas Supreme Court's consolidation order, decide the merits of any KORA claim, or prevent the state court from managing the consolidated cases after reasonable access safeguards are supplied.

Relief Requested

Plaintiff asks the Court to require, before Plaintiff is compelled to litigate an omnibus hearing on "all pending motions": (1) a written ADA accommodation determination; (2) a written index identifying each motion by originating case, docket entry or index, filing date, title, party, and relief requested; (3) corrected case-specific notice of the matters to be heard; (4) a reliable method for confirming the docketing of Plaintiff's permitted pro se filings; and (5) reasonable communication modifications, including remote participation and written submissions/rulings as appropriate. Plaintiff asks that the September 22 omnibus hearing not proceed against her on unidentified motions unless and until those minimum safeguards are provided.

Facts Supporting Emergency Relief

1. Plaintiff submitted a formal Title II accommodation request on May 14, 2026 seeking written communication, case-specific threads, advance written notice, clear case management, written ADA responses, remote access, preserved written records, and neutral review if needed.

2. Plaintiff filed an ADA grievance on May 15, 2026. Defendant Welch acknowledged receipt and stated she had not yet had an opportunity to respond.

3. Plaintiff filed a June 1, 2026 declaration explaining that docket ambiguity and cross-case administration consumed disability-limited processing capacity and prevented efficient access to the merits.

4. After the August 21 consolidation order, implementation routed four KORA matters through SN-2026-CV-000344.

5. An August 28 implementation order directs the consolidated filing structure but, as alleged, does not provide the requested written ADA determination or a motion-by-motion hearing index.

6. A September 22 hearing is set on “all pending motions.” Plaintiff alleges approximately fifty motions may be implicated and she cannot reliably identify the universe of motions to be heard or whether every protective filing is visible on the docket.

7. Without prompt relief, Plaintiff will be required either to appear unprepared for undefined issues or expend the same disability-limited capacity on emergency docket reconstruction that her May and June ADA filings specifically identified as the access barrier.

Argument

A preliminary injunction requires a showing of likely success on the merits, likely irreparable harm without preliminary relief, a balance of equities favoring relief, and consistency with the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Because some requested relief is affirmative, Plaintiff recognizes that a heightened showing may be required for a disfavored injunction. The requested order is deliberately narrow and procedural.

First, Plaintiff has a substantial Title II theory because state judicial services are subject to Title II and access to courts is a core protected interest. Tennessee v. Lane, 541 U.S. 509, 531-34 (2004). The Tenth Circuit recognizes that prospective Title II relief may proceed against state officials under Ex parte Young. Guttman v. Khalsa, 669 F.3d 1101, 1127-28 (10th Cir. 2012). Plaintiff alleges actual notice of specific accommodation needs months before the challenged implementation and identifies modest, concrete modifications that do not alter the merits of the state litigation.

Second, the threatened harm is difficult to remedy after the hearing. Once an unidentified set of motions is argued or decided without disability accessible notice and a reliable record, later correction cannot fully restore the lost opportunity to prepare, respond, preserve objections, and create a reviewable record. The requested relief is directed to that imminent participation injury, not to the substantive result of the state cases.

Third, the balance of equities favors a short written indexing and accommodation process. Defendants retain the ability to consolidate and adjudicate the state cases; the requested safeguards require only identification, communication, and record-management steps. Plaintiff faces a direct risk of ineffective participation in a hearing covering multiple cases and months of filings.

Fourth, the public interest favors both compliance with federal disability law and orderly state court administration. A motion index, clear notice, reliable docketing, and written accommodation ruling improve rather than displace adjudication.

Plaintiff further asks the Court to construe the requested interim relief narrowly to avoid any unnecessary interference with state court merits. The requested federal order need not decide whether consolidation was proper; it need only ensure that implementation affords meaningful disability access while the state cases continue.

Notice

Plaintiff intends to provide prompt notice of this motion and the complaint to Defendants and to the Kansas Attorney General. Plaintiff does not request ex parte merits relief if the Court determines that notice and an opportunity to respond can be provided without defeating the purpose of interim relief. If the Court requires additional Rule 65(b)(1) certification, Plaintiff requests leave to supplement immediately.

Conclusion

Plaintiff respectfully requests the interim relief stated above and an expedited hearing or briefing schedule sufficient to resolve disability safeguards before the September 22, 2026 omnibus hearing.

Dated: August 28, 2026

Respectfully submitted,
/s/ Angeliina L. Lawson
Angeliina L. Lawson, Pro Se
1914 5th Avenue, Leavenworth, Kansas 66048
Telephone: (913) 972-1661
Email: AngeliinaCourtRecords@gmail.com

CERTIFICATE OF SERVICE

I certify that on August 28, 2026, I served a true and correct copy of Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, together with the accompanying Verified Complaint and supporting materials, by email and/or other authorized means upon the following:

Kansas Attorney General's Office
Office of the Kansas Attorney General

120 SW 10th Avenue, 2nd Floor, Topeka, Kansas 66612
Required copy for servicing

Kansas Judicial Branch / Office of Judicial Administration
301 SW 10th Avenue, Topeka, Kansas 66612

Eric S. Rosen
Chief Justice, Kansas Supreme Court, Kansas Judicial Center
301 SW 10th Avenue, Topeka, Kansas 66612
In his official administrative capacity

Jay D. Befort, District Judge, In his official capacity
Third Judicial District, Shawnee County District Court
200 SE 7th Street, Topeka, Kansas 66603

Third Judicial District / Shawnee County District Court Clerk
200 SE 7th Street, Topeka, Kansas 66603

Lea Welch, In her official capacity
Court Administrator / ADA Coordinator
Third Judicial District
200 SE 7th Street, Topeka, Kansas 66603

Service is provided for notice of Plaintiff's request for emergency prospective relief. Plaintiff does not represent that service of this motion constitutes formal service of summons and complaint under Fed. R. Civ. P. 4.

Dated: August 28, 2026.

Respectfully submitted,

/s/ Angeliina L. Lawson
Angeliina L. Lawson, Pro Se
1914 5th Avenue, Leavenworth, Kansas 66048
Telephone: (913) 972-1661
Email: AngeliinaCourtRecords@gmail.com