**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **ANGELIINA L. LAWSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 26-2513-KHV** |
| **KANSAS JUDICIAL BRANCH/OFFICE OF JUDICIAL ADMINISTRATION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Angeliina L. Lawson's Emergency Motion For Temporary Restraining Order And Preliminary Injunction (Doc. #5) filed August 8, 2026 and her Motion To Review And Modify Magistrate Judge's Order (Doc. #8) filed September 4, 2026. For reasons stated below, the Court overrules both motions.

**Preliminary Injunction Standards**

The purpose of a preliminary injunction is "to preserve the status quo pending the outcome of the case." Tri–State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir. 1986). In issuing a preliminary injunction, a court is primarily attempting to preserve the power to render a meaningful decision on the merits. Id. Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal. Schrier v. Univ. of Colo., 427 F.3d 1253, 1258 (10th Cir. 2005). To obtain a preliminary injunction, the movant must establish that (1) she will suffer irreparable injury unless the preliminary injunction issues; (2) the threatened injury outweighs whatever damage the proposed preliminary injunction may cause the non-movant; (3) if issued, the preliminary injunction will not be adverse to the public interest; and (4) the movant is substantially likely to ultimately prevail on the merits of its

claims. Tri-State, 805 F.2d at 355. If the moving party demonstrates that the first three factors "tip strongly" in her favor, the test is modified and the moving party "may meet the requirement for showing success on the merits by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue for litigation and deserving of more deliberate investigation." Okla. ex rel. Okla. Tax Comm'n v. Int'l Registration Plan, Inc., 455 F.3d 1107, 1113 (10th Cir. 2006).

## **Analysis**

In the District Court of Shawnee County, Kansas, plaintiff filed four enforcement actions under the Kansas Open Records Act. The state court consolidated the four actions. Plaintiff asks this Court to require the Kansas state court to provide her: (1) a written ADA accommodation determination; (2) an index detailing each motion at issue; (3) a case-specific notice of the matters to be heard; (4) a method for confirming the docketing of plaintiff's filings; and (5) communication modifications including remote participation and written submissions. Plaintiff requests that this Court compel the state court to postpone an omnibus hearing on September 22, 2026, until the state court fulfills the above requests until the above requests can be fulfilled.

The Court finds that a temporary restraining order and preliminary injunction are not appropriate because plaintiff has not shown a substantial likelihood of success on the merits of her argument. A preliminary injunction is an extraordinary remedy, and plaintiff's potential confusion on what motions will be heard in state court does not express a clear and unequivocal right to relief. See Schrier 427 F.3d 1258 (10th Cir. 2005). She has not shown that she will suffer irreparable injury unless the Court issues the preliminary injunction, and the Court is not convinced that plaintiff is substantially likely to ultimately prevail on the merits of her claims. Therefore, the

Court overrules plaintiff's motion. [1]

Also, the Eleventh Amendment applies "regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." Steadfast Ins. Co. v. Agric. Ins. Co., 507 F.3d 1250, 1252 (10th Cir. 2007). In Ex parte Young, the Supreme Court recognized a narrow exception to Eleventh Amendment immunity and held that the Eleventh Amendment does not bar suits that (1) seek only declaratory and injunctive relief rather than monetary damages for alleged violations of federal law and (2) are aimed against state officers acting in their official capacities. See Hill v. Kemp, 478 F.3d 1236, 1255–56 (10th Cir. 2007) (citing Ex parte Young, 209 U.S. at 128). To determine whether Ex parte Young applies, the Court conducts a "straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland, 535 U.S. 635, 636 (2002) (internal quotation marks omitted). Because plaintiff does not allege an ongoing violation of federal law, her motion is excluded under Ex parte Young.

On September 3, 2026, the magistrate judge granted plaintiff's motion to proceed without prepayment of fees but directed the U.S. Marshals Service to withhold service on defendants. Order (Doc. #7). Plaintiff objects that withholding service on defendants potentially will impact the Court's resolution of her emergency motion which relates to the state court hearing on September 22, 2026. Motion To Review And Modify Magistrate Judge's Order (Doc. #8) filed September 4, 2026. Because the Court overrules plaintiff's emergency motion, her Motion To Review and Modify Magistrate Judge's Order (Doc. #8) is moot. Even so, given that the state court proceedings are ongoing, the Court directs the magistrate judge to expedite screening of

[1] To the extent that plaintiff has not done so already, she should raise her concerns directly with the state court.

plaintiff's complaint under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED** that plaintiff's Emergency Motion For Temporary Restraining Order And Preliminary Injunction (Doc. #5) filed August 8, 2026 and Motion To Review And Modify Magistrate Judge's Order (Doc. #8) filed September 4, 2026 are **OVERRULED.**

Dated this 18th day of September, 2026 at Kansas City, Kansas.

/s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge