**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **ANGELIINA L. LAWSON,** <br> **Plaintiff,** <br> **v.** <br> **KANSAS JUDICIAL BRANCH/OFFICE OF JUDICIAL ADMINISTRATION, et al.,** <br> **Defendants.** | ) | **CIVIL ACTION** <br> **No. 26-2513-KHV** |

## MEMORANDUM AND ORDER

This matter is before the Court on Angeliina L. Lawson's Motion To Reconsider ECF No. 9 (Doc. #10) filed September 23, 2026 and her Emergency Motion For Supplemental Prospective ADA Title II Relief (Doc. #11) filed September 25, 2026. For reasons stated below, the Court overrules both motions.

### Preliminary Injunction Standards

A preliminary injunction is an extraordinary remedy, and the right to relief must be clear and unequivocal. Schrier v. Univ. of Colo., 427 F.3d 1253, 1258 (10th Cir. 2005). To obtain a preliminary injunction, the movant must establish that (1) she will suffer irreparable injury unless the preliminary injunction issues; (2) the threatened injury outweighs whatever damage the proposed preliminary injunction may cause the non-movant; (3) if issued, the preliminary injunction will not be adverse to the public interest; and (4) the movant is substantially likely to ultimately prevail on the merits of her claims. Tri–State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir. 1986). If the moving party demonstrates that the first three factors "tip strongly" in her favor, the test is modified and the moving party "may meet the requirement for showing success on the merits by showing that

questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue for litigation and deserving of more deliberate investigation." Okla. ex rel. Okla. Tax Comm'n v. Int'l Registration Plan, Inc., 455 F.3d 1107, 1113 (10th Cir. 2006).

## Analysis

### I. Motion For Reconsideration

District of Kansas Local Rule 7.3 governs motions to reconsider non-dispositive motions. Under that rule, a party may seek reconsideration on the following grounds: (1) an intervening change in the controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice. Id. A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed. Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994), aff'd, 43 F.3d 1484 (10th Cir. 1994). As the movant, plaintiff bears the burden to show adequate reason to reconsider the prior order of the Court. Rand v. Wolf Creek Nuclear Operating Corp., No. 11-4136-KHV, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012). Whether to grant a motion to reconsider lies in the discretion of the Court. Taylor v. Colo. Dep't of Health Care Pol'y & Fin., 811 F.3d 1230, 1236 (10th Cir. 2016).

Pursuant to Local Rule 7.3, plaintiff asks the Court to reconsider its denial of her motion for preliminary injunction. Plaintiff argues that the Court's Memorandum And Order (Doc. #9) filed September 18, 2026, misapprehended her allegation that the State violated her Americans with Disabilities (ADA), 42 U.S.C. § 12101 et. seq., rights and that said violation is ongoing. Plaintiff also argues the Court incorrectly held that Ex parte Young, 209 U.S. 123, 126 (1908) barred her claims.

Plaintiff has not shown that the Court committed manifest injustice when it overruled her motion. It held that plaintiff had not shown a substantial likelihood of success on the merits,

regardless whether Ex parte Young, applies.[1] Plaintiff has not shown new facts that support her argument on the merits. The Court therefore overrules plaintiff's motion for reconsideration of its order overruling her motion for preliminary injunction.

## II. Emergency Motion For Supplemental Prospective ADA Title II Relief

In the District Court of Shawnee County, Kansas, plaintiff has filed four enforcement actions under the Kansas Open Records Act, K.S.A. 45–215 et seq. The state court consolidated the four actions. Plaintiff argues she suffered injury from the state court hearing on September 22, 2026, and filed this emergency motion to prevent further injury in the upcoming hearing on September 30, 2026. Plaintiff asks the Court to require the Kansas state court to (1) provide her a neutral ADA Title II coordinator outside of any "administrative chain" involving Lea Welch or Judge Jay Befort; (2) make a written case-specific ADA determination on her requested accommodations; (3) create a reliable procedure for plaintiff to file ADA grievances; (4) order that no hearing requiring plaintiff's participation proceed until the ADA determination is complete; and (5) refer this matter to the Department of Justice. Plaintiff alleges that the state court has denied her the benefits of a public entity's services under 42 U.S.C. § 12132.

The Anti-Injunction Act, 28 U.S.C. § 2283, prevents the Court from granting plaintiff the requested relief. Section 2283 provides that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act is an absolute prohibition against enjoining state court proceedings, unless the

[1] Whether Ex parte Young applies does not include an analysis of the merits of the claim. Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland, 535 U.S. 635, 637 (2002). Plaintiff is correct that her complaint alleges an ongoing violation of the ADA. Even so, the Court correctly denied plaintiff's motion on other grounds.

injunction falls within one of three specifically defined exceptions. See Atl. Coast Line R. Co. v. Bhd. Of Locomotive Eng'rs, 398 U.S. 281, 286–87 (1970). The ADA is not an expressly authorized exception to the Anti-Injunction Act and because plaintiff's motion does not show that any of the statutory exceptions apply here, the Court is unable to interfere in the state court proceedings. See Braverman v. New Mexico, No. CIV 11-0829 JB/WDS, 2011 WL 6013587, at *19 (D.N.M. Oct. 19, 2011); Moore v. Capital Realty Group, Inc., 2023 WL 4699915, at *4-*5 (W.D. N.Y. July 24, 2023) (Anti-Injunction Act bars federal court from enjoining eviction, despite tenant allegation of ADA violation).

Furthermore, even if an exception to the Anti–Injunction Act applied, this is precisely the type of case where federal courts—out of concerns for state-federal comity and the nature of our federal system—properly refuse to exercise jurisdiction and meddle in state court proceedings. See Horton v. Clark, 948 F.2d 1294, 1991 WL 240115, at *1 (10th Cir. 1991). Even aside from the Anti-Injunction Act, a district court must determine whether an injunction is an appropriate exercise of its authority, recognizing the respect due to the courts of a sovereign state. Zurich Am. Ins. Co. v. Superior Court, 326 F.3d 816, 824 (7th Cir. 2003). The proposed injunction would necessarily interfere with how Kansas courts administer their own proceedings, an issue that is of great importance to Kansas.[2]

Plaintiff's motion is also barred by the abstention doctrine articulated in Younger v. Harris, 401 U.S. 37, 38 (1971). Under that doctrine, federal courts should not interfere with state court

---

[2] To the extent plaintiff argues that lawsuits under 42 U.S.C.A. § 1983 qualify for an exception to the Anti-Injunction Act under Mitchum v. Foster, 407 U.S. 225, 242 (1972), the injunctive relief which plaintiff seeks is not available under that statute. "Any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted." 42 U.S.C. § 1983

proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when a state forum provides an adequate avenue for relief. Weitzel v. Div. of Occupational and Prof'l Licensing, 240 F.3d 871, 875 (10th Cir. 2001). The abstention doctrine applies when (1) a state judicial proceeding is ongoing; (2) important state interests are present; and (3) plaintiff has an adequate opportunity to raise federal claims in the state proceedings. See, e.g., Seneca-Cayuga Tribe of Okla. v. Oklahoma, 874 F.2d 709, 711 (10th Cir. 1989). Once the conditions are met, absent extraordinary circumstances, the district court must abstain. Weitzel, 240 F.3d at 875.

Plaintiff's ongoing judicial proceedings in Shawnee County satisfy the first requirement. The administration of the State's own law, the Kansas Open Records Act, and its court proceedings, represent important state interests. Moreover, plaintiff has an adequate opportunity to raise her ADA claims in the state proceedings. See Kralicek v. Bd. of Cnty. Commissioners Rio Blanco Cnty., No. 05-CV-02294-PSF-MJW, 2006 WL 8454339, at *2 (D. Colo. Jan. 11, 2006); Community Hosp. v. Fail, 969 P.2d 667, 672 (Colo. 1998) ("State courts have concurrent jurisdiction with federal courts in ADA cases.").

On the merits of plaintiff's motion, the Court finds that a preliminary injunction is not appropriate. Plaintiff has not shown irreparable injury or a substantial likelihood of success on the merits of her claims. A preliminary injunction is an extraordinary remedy, and plaintiff's confusion while the state court ruled on motions in her lawsuits does not engender a clear and unequivocal right to relief. See Schrier 427 F.3d at 1258. The same is true of her alleged need to order a transcript of the hearing in order to understand it. Plaintiff has cited no authority which supports her position that the court's actions at the hearing on September 22, 2026 excluded her from the benefits of the services of a public entity under 42 U.S.C. § 12132. Further, the state

court did accommodate her by providing an agenda.

Plaintiff's affidavit states that she repeatedly could not understand or respond during the consolidated state proceeding, which addressed 14 motions in over 2.5 hours. She claims that she informed the court multiple times that she did not understand its rulings, and the court repeatedly responded that it would not repeat itself. Plaintiff attests that following the hearing, she had difficulty orienting herself, remembering where she was and felt so physically and mentally depleted that she sought emergency room care. Plaintiff has not shown that these facts violated the ADA or that she suffered irreparable injury as a result thereof. The Court is not convinced that plaintiff is substantially likely to ultimately prevail on the merits of her claims. Therefore, the Court overrules plaintiff's motion.

Plaintiff also requests the Court to refer this matter to the Department of Justice. The Court declines to do so.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Reconsider ECF No. 9 (Doc. #10) filed September 23, 2026 and her Emergency Motion For Supplemental Prospective ADA Title II Relief (Doc. #11) filed September 25, 2026 are **OVERRULED.**

Dated this 29th day of September, 2026 at Kansas City, Kansas.

/s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge